JOHNSTON vs. QUARLES.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
FIFTH PRESIDING.

In the sale of a tract of land containing a specific quantity of acres for a
certain price or sum, and within certain described limits and boundaries,
if the quantity of acres it actually contains fall short of that sold, the
vendee cannot compel the vendor to make up the deficiency.

There can be no increase or diminution in the sum paid, on account of
deficiency or disagreement in the measure or quantity sold, when the
object is designated by the adjoining tenements and sold from boundary
to boundary.

So if a tract of land is sold to contain three hundred and twenty arpens for
five thousand dollars, and described as bounded by a bayou in front and
tenements above and below; and on measurement it is found to contain
only two hundred and seventy-five arpens, the purchaser cannot recover
the deficiency.

The plaintiff purchased a tract of land from the defendant,
lying in the parish of Rapides, which is stated in the act of
sale, dated 28th May, 1829, to contain three hundred and
twenty superficial arpens, for five thousand dollars. He now
alleges that the tract is short of the quantity sold, forty-five
arpens, which is a diminution of more than one-twentieth
part of the tract conveyed. He prays to have the price
diminished *pro rata* for the quantity of forty-five arpens, which
will amount to more than seven hundred dollars, to be
deducted from the whole price.

The defendant denies that she warranted the quantity of
three hundred and twenty arpens; but that she sold accord-
ing to certain limits and boundaries which were well known
to the plaintiff, and that he took the land risking the quantity
of three hundred and twenty arpens to be contained within
the limits and boundaries specified.

The defendant had judgment. The plaintiff appealed.

*Boyce* and *Dunbar*, for the plaintiff.

1. The sale to plaintiff mentioned only a superficial quantity, containing no other designation than the lands adjoining above and below it on the bayou, in general terms, without giving the front; the purchaser has a right to a diminution of price in proportion as the quantity is short of that sold. *Louisiana Code, article* 2470–1.

2. Boundary is a techinal term, and means corner stones or posts, as defined in *Louisiana Code, article* 822. *Merlin, Verbo, Borne.*

3. Therefore the plaintiff has a right to a diminution in price under the provisions before recited of the Code, articles 2470–1, as the land has not been designated by the adjoining tenements, and sold from boundary to boundary.

*Dunn* and *Rost,* for defendant.

1. The decision of this case depends on a proper construction of the act of sale and the description of the land therein given.

2. The defendant contends that by the terms of the sale, she sold· according to certain limits and boundaries which were specially designated, and control the quantity of arpens contained in it; and comes within the provisions of the *Louisiana Code, article* 2471.

*Porter, J.* delivered the opinion of the court.

The plaintiff states that he purchased a tract of land from the defendant, which the act of sale described as containing three hundred and twenty arpens. That since the purchase he has discovered by actual survey that the boundaries called for, only embrace two hundred and seventy-five arpens. He prays judgment against her for the deficiency.

The answer avers that the sale was made in reference to limits and boundaries, and not to quantity. It further alleges that the plaintiff was well acquainted with the premises when he bought, and that the defendant was not.

There was judgment in the court below for the defendant, and the plaintiff appealed.

The land is thus described in the deed of sale : " A certain tract or parcel of land situated, lying and being on the Bayou

WESTERN DIST.
October, 1831.

JOHNSTON
vs.
QUARLES.

WESTERN DIST.
October, 1831.
————————————
JOHNSTON
vs.
QUARLES.

In the sale of a tract of land containing a specific quantity of acres for a certain price or sum and within certain described limits and boundaries, if the quantity of acres it actually contains fall short of that sold, the vendee cannot compel the vendor to make up the deficiency.

There can be no increase or diminution in the sum paid, on account of deficiency or disagreement in the measure or quantity sold, when the object is designated by the adjoining tenements and sold from boundary to boundary.

So if a tract of land is sold to contain three hundred & twenty arpens for five thousand dollars and described as bounded by a bayou in front and tenements above and below; and on measurement it is found to contain only two hundred and seventy-five arpens, the purchaser cannot recover the deficiency.

Rapides, in the parish of Rapides, containing the quantity of three hundred and twenty arpens, bounded above by lands belonging to Alexander Jones, and below by land belonging to Robert C. Hynson." "In consideration of which sale, the said John H. Johnston promises and obliges himself to pay the sum of five thousand dollars," &c.

The case has been argued principally on the provisions contained in our code. The 822d article is as follows: "By boundary is understood in general every separation, natural or artificial, which marks the confines or line of division of two contiguous estates. Trees or hedges may be planted, ditches may be dug, walls or enclosures may be erected to serve as boundaries." But we most usually understand by boundaries, stones or pieces of wood inserted in the earth, on the confines of two estates.

The 2471st article provides that "there can be neither increase or diminution of price on account of any disagreement in measure when the object is designated by the adjoining tenement, and sold from boundary to boundary."

The sale we have seen is of three hundred and twenty arpens of land for five thousand dollars, and calls for the adjoining boundaries, and sells by them. The petition describes the tract as bounded by the bayou in front. It is situated on a point, and the boundaries called for in the act of sale, though running nearly at right angles from the bayou, meet, so that the tract is included within three lines, presenting nearly a triangular shape. The evidence shows that the land adjoined that of the purchaser; that he was well acquainted with it, and that at the time of the sale it was enclosed in fences, with the exception of one corner. Under these circumstances, we do not see how the case can be taken out of the 2471st article of the code already cited. It appears clear to us that the limits referred to were not used in the act as designating the situation of the property, but as indicating the bounds within which the vendor sold.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.