WESTERN DIS.
October, 1832.

BANK OF LOUIS-
IANA
vs.
ROBERTS.

---

## BANK OF LOUISIANA vs. ROBERTS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The bank, as the holder of a note endorsed in blank, having the legal interest in it, may sue to the use of the last endorser in blank, who is entitled to the equitable interest, and recover the amount from the payee, or any of the previous endorsers.

The inferior court is not bound to order interrogatories to be answered, when it appears such answers cannot aid the party requiring them in his defence.

Payment to the holder of a note, may protect the endorser and maker from the claim of the former; though it may extinguish his right against them, it does not extinguish that of the endorser, who pays against the previous endorser and maker.

This is an action on a promissory note by the bank, to the use of P. S. Newton & Co., to recover from Joseph Roberts, the payee and endorser; the plaintiffs are the endorsees or holders of the note, which is as follows:

WESTERN DIS.
*October*, 1832.

BANK OF LOUIS-
IANA
*vs.*
ROBERTS.

"BAYOU SALLY, St. Mary, March 1, 1832.

$1,421.

On the first day of March, 1832, I promise to pay to Joseph Robert or order, at the counting room of A. Fiske & Co., in New-Orleans, $1,421, for value received, with 10 per cent. interest per annum thereafter, if not punctually paid.

PETER H. ROBERTS."

Endorsed: "P. W. ROBERT, BAYNARD C. ROBER, JOSEPH ROBERT, P. S. NEWTON & Co."

The defendant pleaded the general issue, admitted his signature as endorser, but avers the note does not legally belong to the plaintiffs; that it is void on account of usury; the charter of the bank prohibiting it from taking interest at the rate of ten per centum per annum; that he is only an accommodation endorser for the drawer, P. H. Roberts, and asks time to cite the latter in warranty; he propounds interrogatories, and requires the bank to answer, if this note was ever discounted? Has the bank any interest in it now? Did it advance any money on the note? And was suit directed to be brought by the bank?

On the trial, the motion to have P. H. Roberts, the drawer, cited in warrantry, and the bank to answer interrogatories, was overruled, and the opinion of the court excepted to. Judgement was rendered against the defendant, for the amount of the note and interest. He appealed.

The evidence showed the note was presented and payment demanded at the counting house of A. Fiske & Co., in New-Orleans, when the note became due, and was duly protested for nonpayment, and notice sent to all the parties by mail.

*Rigg*, for plaintiff:

Called the attention of the court to the form of the note; it was not discounted in bank, but only deposited there for

collection. The bank sues to the use of Newton & Co., who are the holders and owners of the note.

*Boyce,* contra, contended:

1. That the endorsers of an accommodation *note,* as between themselves, should be considered in the light of common sureties, and had a right to call the maker in warranty.

2. The bank has no right to sue on a note bearing ten per centum interest; its charter forbids its taking more than banking interest, which is eight per centum.

MARTIN, J., delivered the opinion of the court.

The defendant, sued as endorser of a promissory note, admitted he endorsed it, and with this exception, pleaded the general issue; and that the note on its face, bears interest at the rate of ten per centum after maturity, and therefore could not be discounted by the bank; that the plaintiffs' rights have been extinguished by payment; he prayed leave to bring his anterior endorsers in warranty, and propounded interrogatories.

The court refused the leave to order the interrogatories to be answered. There was judgement against him, and he appealed.

His counsel has not insisted in this court, on the right to call in anterior endorsers, but has contended the District Court erred in refusing the order. The plaintiffs were called on first to say, whether they had discounted the note?

It appears to us, this was perfectly immaterial, as their right was the same, whether they obtained the property of the note by discount or otherwise.

The bank as the holder of a note, endorsed in blank, having the legal interest in it, may sue to the use of the last endorser in blank, who is entitled to the

The second interrogatory called on them to say whether they had any interest in the note?

It is evident that as holder of the note with blank endorsements, they had the legal interest which is sufficient to entitle them to recover, and the disclosure of an equitable interest in the party for whose use the suit was brought, could not have aided the defendant in supporting any of his pleas.

Lastly, the plaintiffs were interrogated and required to disclose whether they made any advances on the note. If yea, under what circumstances, and whether they were repaid. The district judge, in our opinion, correctly concluded that the answer to this interrogatory could not aid the defendant in the support of any part of his defence.

The charter of the bank restricts it to the rate of six per centum on loans or discounts, *i. e.* on what they take for the use of their money from the persons to whom they advance it, on loan or discount. It does not appear to us that as to all other contracts this restriction can be invoked against them.

Payment to the holder of a note may protect the endorser and maker from the claim of the former; though it may extinguish his right against them, it does not extinguish that of the endorser who pays the holder upon his own endorsers and the maker.

It has been, lastly, urged that corporations have no power except those conferred by the charter, and that the bank is not authorized to sue to the use of another.

It is authorized to sue, and the courts cannot arbitrarily restrict the authority.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

WESTERN DIS.
*October,* 1832.

BANK OF LOUIS-
IANA
*vs.*
ROBERTS.

equitable interest, and recover the amount from the payee or any of the previous endorsers. The inferior court is not bound to order interrogatories to be answered, when it appears such answers cannot aid the party requiring them in his defence. Payment to the holder of a note may protect the endorser and maker from the claim of the former; though it may extinguish his right against them, it does not extinguish that of the endorser, who pays against the previous endorser and maker.