CURATOR OF GRAFTON *vs.* WELLS ET AL.

CURATOR OF
GRAFTON
*vs.*
WELLS ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRCT
PRESIDING.

A tract of land, part of an estate, bounded on three sides by other plantations
and a bayou, sold at probate sale as the last residence of G, and as contain-
ing three hundred and eighty arpens, for three thousand dollars, is a sale
*per aversionem;* and although it is ascertained the plantation actually con-
tains but two hundred and eighty arpens, the purchaser cannot obtain a
diminution in the price proportioned to the diminution of the quantity sold,
below that actually found within the limits.

The plaintiffs sue for the recovery of three thousand dollars
and interest, as the price of a plantation adjudicated to the
defendant T. J. Wells, at a probate sale of the estate of T.
& E. Grafton.

The defendants admit the sale and adjudication to one of
them, but say the plantation was described in the *proces verbal*
as containing three hundred and eighty arpens, and warranted
to contain that quantity, and for which they purchased it;
that it in fact only contains two hundred and eighty arpens,
which is all that has been delivered, and is in fact all it con-
tains; they aver that they are entitled to diminution in price
in proportion to the diminution in quantity.

The *proces verbal* of sale states that the land "lies on the
left bank of bayou Rapides, in descending, and adjoining
lands of P. Lamothe on one side, and lands of Wells on ano-
ther side, &c., containing the quantity of three hundred and
eighty arpens, and was offered and adjudged to T. J. Wells,
he being the last and highest bidder, for the price of three
thousand dollars."

There was judgement for the whole amount claimed, the
defendants appealed.

The only question relates to the right of the defendants to
a diminution in price proportioned to the diminution in quan-
tity less than they actually purchased.

*Rigg*, for the plaintiffs:

WESTERN DIS.
*October*, 1832.

CURATOR OF
GRAFTON
*vs.*
WELLS ET AL.

1. Referred the court to a decision at its last term, where the same principle was decided that is now invoked for the plaintiffs in this case. See *Johnston* vs. *Quarles*, 3 *Lou. Rep.*

2. The purchasers in this case were well acquainted with the premises before they bought at the probate sale of Grafton's estate. They knew the boundaries of the tract of land which comprised this plantation, and must be considered as purchasing with reference to those boundaries.

*Dunbar* and *Boyce*, for defendants:

1. We contend that in this case there ought to be a diminution in price equal to the diminution in quantity. To prevent a diminution in price, something more definite and certain is required than a mere designation of the adjoining lands, than which nothing could be more vague and uncertain, unless the lines had been previously established by actions of boundary or actual survey.

2. The boundaries as well as the adjoining tenements must have been described in the act of sale, to prevent a diminution in price. *Civil Code*, *art.* 2471.

3. The seller is presumed to know the quantity and situation of the property he owned better than the purchaser, so that the construction of the sale must be against the seller.

4. The legal definition of boundary is totally different from that presented in this case. *Lou. Code*, *art.* 822.

5. The probate judge acted in error in selling more land than the title papers of the succession called for, and that a court of equity should grant relief.

PORTER, J., delivered the opinion of the court.

A tract of land, part of the estate of one Grafton, was sold as containing three hundred and eighty arpens, situated on the left bank of bayou Rapides, in descending, and adjoining

WESTERN DIS. lands of P. Lamothe on one side, and lands of Wells on the
October, 1832. other, being the last place of residence of the deceased. The
CURATOR OF quantity actually contained within these limits is two hundred
GRAFTON and eighty arpens. The plantation has been opened for
vs. WELLS ET AL. many years, and fences on each side marked the dividing
A tract of land, lines between it and the adjoining tenements. The purchaser
part of an es-
tate, bounded lives in the immediate neighborhood, and it is proved was
on three sides
by other plan- well acquainted at the time of sale with the tract purchased.
tations and a
bayou, sold at The land was not sold at so much per arpent, but for one
probate sale as
the last resi- entire sum; in other words, it was a sale *per aversionem.*
dence of G,
and as contain- The action is brought to recover the price which the de-
ing three hun-
dred and eigh- fendants agreed to pay for the lands; and the defence is that
ty arpens, for they are entitled to a diminution for the difference between
three thousand
dollars, is a the quantity actually found within the limits, and that enume-
sale *per aversi-
onem;* and al- rated at the probate sale.
though it is as-
certained the It is difficult to distinguish this case from that of *Johnston*
plantation ac-
tually contains vs. *Quarles,* 3 *Lou. Rep.* 92; and we believe that case was
but two hun-
dred and eigh- correctly decided. Fraud is not proved or alleged. Error
ty arpens, the
purchaser can- cannot be believed. The plantation had been under fence
not obtain a
diminution in for years, and purchased by a person who had lived in its
the price pro-
portioned to vicinity, and was well acquainted with it.
the diminution
of the quantity
sold below that It is, therefore, ordered, adjudged, and decreed, that the
actually found judgement of the District Court be affirmed, with costs.
within the li-
mits.