*WESTERN DIST. October, 1840.*

BRAZEALE & SEWELL *vs.* BORDELON, ADMINISTRATOR ET AL.

---

BRAZEALE & SEWELL *vs.* BORDELON, ADMINISTRATOR ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

A probate sale of the tract of land on which the deceased resided, as containing two hundred and twenty arpents more or less, and described from boundary to boundary, is a sale *per aversionem*, and the purchaser cannot obtain a diminution of the price for any deficiency there may be in the measure.

An injunction to stay an order of seizure and sale of a tract of land, on the ground that there is a deficiency in the quantity sold, when it is a sale *per aversionem*, will be dissolved with damages, as having wrongfully issued.

This case commenced by injunction, to stay an order of seizure and sale. The plaintiffs' allege, that at the probate sale of the estates of Perot and wife, they purchased of the defendant, as administrator of said estates, a tract of land containing about two hundred and twenty arpents, more or less, with definite boundaries, for the sum of eight thousand eight hundred dollars, for which they gave their notes with mortgage. The land was appraised at forty dollars per arpent. That they have since ascertained that the land falls short of

WESTERN DIST.
October, 1840.

BRAZEALE &
SEWELL
vs.
BORDELON, AD-
MINISTRATOR ET
AL.

the quantity sixy arpents, which is a diminution of more than one twentieth. That the defendant has taken out an order of seizure and sale to enforce payment of the whole price: wherefore, they pray that an injunction be granted to stay said order of seizure, and that they have judgment diminishing *pro rata* the price of said land, for the quantity of sixty arpents, which at the price of estimation at the sale amounts to two thousand four hundred dollars.

The defendant, moved to dissolve the injunction on the face of the proceedings, as having wrongfully issued ; the grounds and oath on which it was granted being insufficient in law ; and for answer, he says, the land was sold by distinct and well known boundaries. The price of the entire tract was eight thousand eight hundred dollars, and not forty dollars per arpent, and that the plaintiffs well knew the land and the number of arpents contained within the boundaries, previous to and at the time of sale. Wherefore, he prays that the injunction be dissolved, with damages. The *procès verbal* of sale, and the description of the land and all the titles were produced ; as also, a diagram and survey of the same.

The boundaries and description of the tract of land, are given in the opinion of this court.

There was judgment dissolving the injunction, with two hundred and fifty dollars special damagss ; and ten per cent. damages on the amount enjoined, and the order of seizure was directed to proceed. The plaintiffs appealed.

*Brent*, for the plaintiffs and appellants.

*Sherburne*, *Boyce* and *Elgee*, for the defendants.

*Simon, J.*, delivered the opinion of the court.

Plaintiffs seek in this action to obtain a diminution of the price of a tract of land, by them purchased of the defendant Bordelon, on the ground of deficiency in the quantity of arpents of land sold them. An injunction was issued to stay the proceedings had under an order of seizure and sale of

WESTERN DIST.
October, 1840.

BRAZEALE &
SEWELL
vs.
BORDELON, AD-
MINISTRATOR ET
AL.

the said tract. Defendant joined issue by averring that the sale made to plaintiffs, was a sale *per aversionem*, in which the land is described with well defined boundaries; a survey of the premises was ordered to be made; and, after a full investigation of the circumstances of the case, the District Court dissolved the injunction, and gave judgment against the plaintiffs for two hundred and fifty dollars, special damages for counsel's fees, and for five hundred and eighty-two dollars, being ten per cent. on the debt enjoined. From this judgment plaintiffs appealed.

It is contended on the part of the appellees, that this is not only a sale *per aversionem*, but that plaintiffs cannot complain, as they are in possession of more land than was really sold to them, and as titles have been shown to the front part of the land, containing, as it appears from the survey returned, one hundred and fifty arpents, and to the double concession of the same by purchase made by the deceased, from the government of the United States, under the law of Congress of the 15th of June, 1832, containing eighty-four acres.

The clause of the act in which the land sold is described, is as follows: "A certain tract or parcel of land, on which the said Perot and wife resided, situate in that parish, on both sides of Red River, containing about two hundred and twenty arpents, more or less, bounded above on both sides of the river by lands of the purchasers, and below on the left by lands also belonging to them, and on the right by land of Antoine Lenoir." We have just had occasion to decide in the case of *Phelps* vs. *Wilson, ante* 185; what we consider to be a sale *per aversionem,* and that, as it has been often decided by this court, a sale of this kind does not give any right to the purchaser to demand a diminution of the price on the allegation of a deficiency in the measurement of the land. The sale in question appears to come within the definition, and this alone would perhaps be sufficient to defeat the plaintiffs' pretensions. *Louisiana Code, article* 2471. 3 *Louisiana Reports* 90. 4 *Idem.,* 534. 7 *Idem.,* 452. 14 *Idem.,* 497.

But it has been shown, that the deceased purchased and paid for the back land or double concession belonging to his

A probate sale of the tract of land on which the deceased resided, as containing two hundred and twenty arpents, more or less, and described from boundary to boundary, is a sale *per aversionem,* and the purchaser cannot obtain a diminution of the price for any deficiency there may be in the measure.

front tract, in June, 1836, and the receipt of the register and receiver of the land office, then vested a good and legal title, in the deceased, to the land therein mentioned. *Land Laws,* *volume 2, p.* 317. 3 *Louisiana Reports,* 62. From that moment it became a part of the deceased's plantation, it was approved and sustained as such, no distinction between the two tracts was made in the inventory, it was adjudicated as such to the plaintiffs at the sale at auction of the property of the deceased, and the same description was again given to it in the notarial act, that was subsequently executed ; so that the plaintiffs have really acquired more land than is expressed in their deed of sale. Under that view of the case, we cannot hesitate to say that the plaintiffs complain with bad grace, and that the injunction issued in this case was wrongfully obtained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.