WESTERN DIS.
*September,*1841.

**PREJEAN *vs.* GIROIR ET AL.**

PREJEAN
*vs.*
GIROIR ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF

LAFAYETTE, THE JUDGE THEREOF PRESIDING.

Where a tract of land is sold as " 4 *arpents front with about* 35 *or* 40 *in depth;*" the front to begin at a certain point, and the tract *bounded on both sides* by plantations, it is a sale *per aversionem;* and the boundaries will control the enumeration of quantity.

This is an action to recover about 40 superficial arpents of land, which the plaintiff alleges the defendant, Pierre Giroir, has taken from one side of his tract, by surveying it off, and planting posts to his damage $1000. He further says, he purchased his tract of 4 arpents front by about 35 or 40 in depth from the heirs of Marguerite Richard, deceased, at the probate sale of her estate, and they are bound to make good this quantity.

The defendant opposed a general denial, and set up a valid and complete title to all the land he claimed. The heirs of Madame Richard, called in warrantee, denied that the plaintiff was evicted or disturbed in the possession of the land they sold to him and that he was put in the possession of the land as sold.

There was a verdict and judgment for the defendant; but against Richard's heirs, annulling the sale, and for the return of the price, ($1030). The warrantors appealed.

*Neveu,* for the plaintiff.

*Voorhies,* for the warrantors and appellants.

*Morphy,* J. delivered the opinion of the court.

Plaintiff having been, as he alleges, dispossessed by Pierre Giroir of a part of a tract of four arpents front purchased from the heirs of the late Marguerite Richard, brought the present suit to recover the same, and cited in warranty his vendors. He prays that in case he should be finally evicted of any por-

tion of the said tract the sale be rescinded, and his vendors decreed to pay him $1000 damages, &c. The defendant denies having ever taken possession of any land belonging to plaintiff, sets up title to the portion of ground claimed by him and pleads the prescription of ten, twenty and thirty years. The answer of the warrantors avers, in substance, that the plaintiff has always been and is still in the peaceable, quiet and undisturbed possession of the land really sold to him, and that no part of it has ever been claimed or taken possession of by his neighbor, Giroir; that the heirs of Marguerite Richard sold and delivered to him a certain tract of land within specific boundaries; that if within those boundaries there is a smaller quantity of land than that mentioned in his deed of sale he has no right to complain; that this suit, although it purports to be an action in warranty, is in truth and in fact brought to obtain a rescission of the sale, or a diminution of the price for a pretended deficiency in the quantity of land he purchased, and that such a claim is barred by prescription.

WESTERN DIS.<br>
September, 1841.<br>
PREJEAN<br>
vs.<br>
GIROIR ET AL.

There was a judgment below for defendant against the plaintiff; and one for plaintiff against his warrantors. The latter appealed.

From a survey made shortly after the sale to plaintiff, it was found that the tract contained only three arpents and a half instead of the four mentioned in his deed of sale; if he was entitled to no more he has suffered no eviction.

The description of the land as purchased by plaintiff at the sale of the succession of the late Marguerite Richard in 1820, is as follows, to wit: "One tract of land lying situate in the parish of St. Martin, at *Cote Gelée*, containing four arpents in front, with the depth that may be about thirty-five or forty arpents; the front of the said tract beginning at the extremity of the land of Pierre Giroir, bounded on the one side by the lands of Baptiste Comeaux and on the other side by the lands of Madame Clark Beaton," (since Pierre Giroir,) &c.

This sale is clearly one *per aversionem*. We have repeat-

<em>Where a tract<br>
of land is sold<br>
as "4 arpents<br>
front with about<br>
35 or 40 in<br>
depth,"</em> the front<br>
to begin at a certain point, and<br>
the tract <em>bounded on both sides</em><br>
by plantations,<br>
it is a sale <em>per<br>
aversionem</em>, and<br>
the boundaries<br>
will control the<br>
enumeration of<br>
quantity.

edly held that where a sale is made with reference to known and definite boundaries they will control the enumeration as to quantity; that nothing more is intended to be conveyed than what is contained between the two given boundaries, and that a deficiency in the quantity does not entitle the purchaser to demand either a rescission of the sale or a diminution of the price; 5 Martin, N. S., 241; 8 Idem, 159; 3 La. Rep., 91; 7 Idem, 455; 16 Idem, 186. But it is argued that the intention and subsequent acts of the sellers must control the expressions in the act of adjudication, and that as they took upon themselves to deliver four arpents of land, they are responsible in warranty to the plaintiff for the half of an arpent belonging to Giroir, of which plaintiff has been dispossessed. It appears that about the time the price became due, the plaintiff required the land to be surveyed and delivered to him; that in the presence of two of the heirs a surveyor measured off the front of the tract, beginning at the boundary of Comeaux and running to that of Clark Beaton (Giroir), upon reaching which he found only three and a half arpents; the plaintiff then refused to accept the land saying that there was not the four arpents he had bought; he told them, " give me the quantity and I will pay you;" the heirs desired him to accept of this land as it was, and upon his refusal to do so, a witness says, *they measured across the line said to be Mrs. Clark (Giroir)*, until they made out the four arpents front, planted a post and delivered it in this manner. It is difficult to believe that the plaintiff could have pursuaded himself that he had thus acquired any right or title to land which he knew did not belong to his vendors, and which therefore they could not deliver to him, but whatever may have been his belief on this subject, and the motive of the two heirs in acting as they did, it is clear that the parties were not aware that their rights were definitively fixed and determined by the adjudication; and that by law the tradition or delivery of the land accompanied the public act of sale. Had the plaintiff upon discovering the deficiency, absolutely refused to pay, he could under his sale have been com-

pelled to give the whole price, and in like manner had the surveyor found between the boundaries mentioned more than four arpents, the plaintiff would have been entitled to the surplus without having to pay any supplement of price; 2 La. Rep., 499; Marigny vs. Nivet et al. The plaintiff has then suffered no eviction, and the half arpent of which he pretends to have been dispossessed by defendant, never belonged to him or his vendors.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court in favor of plaintiff against the heirs of Marguerite Richard be annulled, avoided and reversed; and that there be judgment in favor of the said heirs with costs in both courts.