Labiche v. Jahan.

## PIERRE LABICHE *v.* HONORE JAHAN.

In the absence of any allegation of fraud or error, parol evidence is inadmissible to prove the assent of a party to an alteration, as to the quantity of land in an act of sale of real estate, made by the notary before recording it. The effect of such evidence would be, to prove something said between the parties after the completion of the act, tending to change it materially, and to restrict the title of the purchaser. C. C. 2256.

Where a question arises as to the quantity of land intended to be sold, and reference is made in the act of sale to the conveyance under which the vendor held, both acts will be consulted and construed together, to ascertain the true description of the thing sold.

Where the property sold is described in the act of sale as the fraction of a town lot, bounded on two sides by certain streets, and enclosed on another by a fence dividing it from another lot held separately by the vendor at the time of sale, the calls for a boundary will control the enumeration of quantity.

APPEAL from a judgment of the District Court of St. Landry, *King,* J., perpetuating an injunction obtained by the plaintiff, and quieting him in the possession of the land claimed in his petition.

*T. H.* and *W. B. Lewis,* for the plaintiff.

*Swayze,* for the appellant.

BULLARD, J.   This case was commenced by injunction, restraining the defendant from persisting in the construction of a fence upon land alleged to belong to the plaintiff.  The defendant answers, that the land on which he had begun to build the fence, forms part of a lot purchased by him from the plaintiff himself. In support of this defence he gave in evidence a copy of an act of sale from the plaintiff, purporting to convey to him a fraction of a lot in the town of Opelousas, having seventy-five feet (*soixante quinze pieds*) front on North street, by one hundred and nine feet depth on Court street, bounded on the north by I. M. Debaillon, on the south by said North street, on the east by the present vendor, and on the west by said Court street.  The lot is further described as forming part of lot No. 9, on the plan of division of lots belonging to the succession of Badger, being the property of the vendor by purchase from Kreps Gradenigo, by act before the same notary, dated the 4th December, 1837.  On the other hand, the plaintiff produced a copy of the same act,

certified by the successor of the parish judge before whom the act had been passed, in which the lot is described as having only *seventy feet front (soixante dix pieds.)*

This discrepancy is accounted for: It appears that the act was originally written *soixante quinze,* but was altered by the notary, before it was recorded, to *soixante dix,* and one of the questions presented is, whether the consent of the defendant to this alteration may be shown by parol, in the present case, and we are of opinion that parol evidence is inadmissible. The question is purely one of title, and in the absence of any allegation of fraud, or error, such evidence ought not to be admitted. The effect of it would be to prove something which was said between the parties after the completion of the act, tending materially to change it, and to restrict the title of the purchaser to seventy feet instead of seventy five, which he purchased according to the written title. Civil Code, art. 2256.

But it is contended that even the written titles leave no doubt that the intention of the vendor was to sell, and that of the purchaser to acquire only seventy feet front, which is the real distance between the lot of the vendor, by which the fraction of the lot sold calls to be bounded, and the street. It is clearly shown that, at the time of the sale, and for several years afterwards, there existed a fence upon that line, and that the defendant took possession under his purchase, and held up to that fence, until the time when he removed it, and was attempting to run a new fence between the lots, at a distance of five feet from the former one. It is further shown that, in the deed from Gradenigo to the present plaintiff, to which reference is made in the sale to the defendant, the same lot is described as having a front of seventy feet only. We think both acts should be consulted, and taken together, to ascertain the true description of the thing sold. See the case of *The City Bank* v. *Denham.* The object sold was a fraction of a town lot, bounded, on two sides, by streets, and enclosed on another by a fence dividing it from a lot held separately by the vendor at the time of the sale. Now if the act of sale, instead of seventy-five feet, had stated it to contain only sixty-five, the purchaser might well have insisted that the call for a boundary would control the enumera-

---

tion of quantity, and that he had purchased the whole lot up to the known division fence between the two lots. The case is analagous to that of *Johnston* vs. *Quarles*, 3 La. 91, and the same principle has been recognised in numerous cases by this court, and particularly in the case of *Wells* vs. *Grafton*, 4 La. 530. See also 19 La. 422.

The defendant himself put this construction upon his deed, by taking possession, and holding the lot for several years in conformity to the well known and established boundary.

*Judgment affirmed.*