ROBERT R. BARROW v. JAMES S. MILLER et als.

There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary. C. C. 2471.

APPEAL from the District Court of the Parish of Terrebonne, *Roman, J.* Connoly & Rightor and C. Belcher, for plaintiff and appellant. *F. S. Goode* and *Beatty & Bush,* for defendants.

BUCHANAN, J. This is a petitory action. Plaintiff claims in virtue of a sheriff's sale, of date the 21st September, 1840, made under executory process, in the suit of *The Consolidated Association of the Planters of Louisiana* v. *Robert J. Walker,* to foreclose a mortgage, granted by *James Bowie,* on the 15th June 1829, and assumed by *Walker,* the vendee of *Bowie.*

Defendants allege title in themselves by purchase from *Adam Beatty,* whom they call in warranty. *Beatty* calls in warranty his vendor *A. A. Laforest.* *Laforest* appears and defends the suit upon a title derived from *Robert J. Walker,* from whom *Laforest* purchased, on the 11th day of February 1853, " all the right, title and interest of the said *Robert J. Walker,* to that tract of land confirmed in the name of *Joseph Felice,* containing about one league square, or eighty arpents front by forty deep on each side, including about six thousand four hundred arpents, situate on both sides of Bayou Dularge, sometimes called Bayou Buffalo, in the parish of Terrebonne and State of Louisiana."

It is thus seen that both parties in this suit hold under the same author, *Robert J. Walker.* The defendants have alleged various grounds of nullity in the proceedings resulting in the sheriff's sale under which plaintiff claims; but we see no reason to change the opinion which we expressed of the validity of that sale, in a suit of the warrantor, *Laforest,* against the present plaintiff, reported in 12th Annual 148.

In fact, the argument of this case has turned principally upon the question of location of the land mortgaged by *Bowie* in 1829 to the Consolidated Bank, and seized and sold in 1840, as aforesaid.

*Walker's* title to the land sold by the sheriff vested in plaintiff's vendor by that sale. The plaintiff is, therefore, entitled to judgment, provided the land occupied by the defendants is covered by his title.

The description of the land in the Act of mortgage, is as follows:

" A plantation, situated in the parish of Terrebonne, measuring seventy-five arpents on Bayou Bœuf, *alias* Bayou Du Large, on the left bank of said bayou, by forty arpents in depth; and fifty arpents front on the same bayou, on the right bank, by the same depth of forty arpents, bounded above by other lands belonging to said *Bowie,* and below by *Mr. Edmund Hogan,* on the left bank, and by *Mr. William Hargrove,* on the right bank of the said Bayou; of which plantation there is now only a small number of arpents in cultivation, the greater part being in standing wood and wild cane."

*James Bowie,* when he granted this mortgage, was the holder, by purchase from the confirmees of two confirmations adjoining each other, on the Bayou Bœuf or Du Large; and which together formed a continuous front of one hundred and sixty arpents, by forty arpents in depth, on both sides of the said

Bayou. The upper of them is known as the " Gabon " confirmation; and the lower as the " Felice " confirmation.

Previously to his mortgage to the Bank, *Bowie* had carved the following portions out of the large body of land contained in the Gabon and Felice confirmations :

1st.  1827, April 12.  By sale to *William Hargrove, twenty-five arpents* front on the *right* bank of the Bayou, by forty arpents in depth, *to be taken from the lower side of the Gabon confirmation.*

2d.  1828, November 26th.  By sale to *Thomas Love, twelve and a half arpents* front on *both* sides of the Bayou, by the whole depth, *to be taken off the upper half of the Gabon confirmation.*

3d.  1828, November 26th.  By sale to *Thomas Hurst, five arpents* front on the right bank of the Bayou, with the depth *of the location, bounded above by the land sold on the same day to Thomas Love.*

4th.  1828, December 22.  To *Edmund Hogan, five arpents* front on each side of the Bayou, with forty in depth, *bounded above by lands of James Bowie and below by vacant lands.*

From the description in the conveyance to *Hogan*, taken in connection with the previous conveyances, it would seem that the proper location of the *Hogan* land, was at the lower extremity (by the course of the Bayou,) of the Felice confirmation ; and the evidence shows that *Hogan* and those claiming under him have occupied land thus located.

The three first named of these alienations of land by *Bowie* previous to the date of the mortgage, were therefore in the *Gabon* confirmation ; and the fourth, in the *Felice* confirmation ; and the interest of *Bowie* in the two confirmations united, at the date of the mortgage, would seem to have been as follows :

On the right bank, forty-two arpents and a half front, bounded by *Thomas Hurst* above, and by *William Hargrove* below ; and seventy-five arpents front, bounded by *William Hargrove* above, and by *Edmund Hogan* below.

On the left bank of the Bayou, one hundred and forty-two arpents and a half front, bounded by *Thomas Love* above, and by *Edmund Hogan* below.

The quantity of the land on the right bank in the *Gabon* confirmation was therefore less than the front called for by the mortgage by seven and a half arpents ; but this portion of the land on the right bank is bounded below by *Hargrove*, and therefore agrees better with the calls of the mortgages than the land on the same side of the Bayou in the Felice confirmation.  Besides, the land is described in the mortgage, as a plantation.  But the only improvements upon the land of *Bowie* at that time, were at the north end, or in the Gabon tract. On the left side of the Bayou Boeuf, after the date of the mortgage, sold to *John G. Banks* twelve and a half arpents front, adjoining the land previously sold to *Love* at the upper or north end of the Gabon confirmation.  This sale removed *Bowie's* plantation to a distance of twenty-five arpents from the northern line of the confirmation.  In order to give the quantity of seventy-five arpents on this side of the Bayou called for by the mortgage, it is, therefore, necessary to include twenty arpents of the front of the Felice confirmation, on the left or east side of the Bayou, to be taken off the northern extremity of the said confirmation.  We are inclined to adhere to our decision in the former case (12 An.), that the tract mortgaged should be taken from the northern end of *Bowie's* land, rather than from the southern end adjoining *Hogan's* line, for the reasons given in *Laforest* v. *Barrow*, and for the further reason, that the other location would

sweep all the land held by all the defendants on that side of the Bayou : there being exactly seventy-five arpents in the Felice confirmation, north of *Hogan's* line.

The counsel of plaintiff has incorrectly styled the sale of the sheriff to plaintiff, a sale *per aversionem.* The description of the land above given, has not the features of a sale of that kind. C. C. 2471.

Neither can the plaintiff be allowed, as contended by his counsel, to seek for the complement of his quantity of land on the right bank of the Bayou, by overleaping the *Hargrove* tract, and taking land below as well as above that tract. This would be directly contrary to the calls of his title, which gives *William Hargrove's* line as the lower boundary, on the right bank of the Bayou, of the land mortgaged by *James Bowie* to the bank.

It is, therefore, adjudged and decreed, that the judgment of the District Court be avoided and reversed, as to the defendants, *James F. Miller Nicholas Phipps,* and *William F. Gray* :—That the plaintiff, *Robert R. Barrow* recover of the said *James S. Miller* and *Nicholas Phipps,* a tract of land having a front of twelve and a half arpents front on the left or east bank of the Bayou Dularge, by a depth of forty arpents, described in the petition, and occupied by said *Miller* and *Phipps*—together with two-sixteenths of the costs of the District Court ; that the said *Miller* and *Phipps* have judgment over their warrantor, *Adam Beatty,* rescinding and annulling the sale of the land from which said *Miller* and *Phipps* are evicted by this judgment ; that said *Miller* and *Phipps* recover of said *Adam Beatty,* three hundred dollars, being the one-half of the instalment of interest on their purchase price, due and paid the 1st January 1856, and the 1st January 1857, together with their costs : That the plaintiff, *Robert R. Barrow,* recover of *William F. Gray,* a tract of land described in the petition, and occupied by the said *Gray,* having a front of seven and a half arpents front on the left or east side of the Bayou Du Large, by a depth of forty arpents—together with one-sixteenth of the costs of the District Court ; that the said *William F. Gray* have judgment over against his warrantor, *Adam Beatty,* annulling and rescinding the sale to him by the said *Beatty,* of the portion of land from which said *Gray* is evicted by this judgment ; that said *Gray,* moreover, recover from said *Beatty,* one hundred and eighty dollars, being fifteen-fiftieth of the interest on the purchase price of land, due and paid by said *Gray* to said *Beatty* on the 1st January 1856, and the 1st January 1857, and also the costs by said *Gray* herein expended ; that said *Adam Beatty* have judgment over against his warrantor *Antoine A. Laforest,* for the sum of twelve hundred and fifty dollars, being the one-eighth of the purchase price of the sale by said *Laforest* to said *Beatty,* of the Felice confirmation—together with the said *Beatty's* costs under this judgment ; that as regards the defendants, Hubernille Arcenaux, Lange Frement, Jean Baptiste Boudreau, Clairville Guidry, Joseph B. Durey, A. E. Porche, Andre Brien, B. F. Haines, Maxilian Hebert, Joseph Marcellin Leblanc, Joseph Doudet, Joachim Bodreau; and C. Florentin Michel, the judgment of the District Court upon the verdict of the jury be affirmed ; that the plaintiff, *Robert R. Barrow,* pay thirteen-sixteenths of the costs of the District Court ; and that the costs of the appeal be paid, one-half by the appellant, and one-half by *Antoine A. Laforest,* the last warrantor and appellee. It is lastly decreed, that the question of improvements made by the defendants, *Miller, Phipps* and *Gray,* upon the land from which they are evicted by this judgment, be reserved for further adjudication.

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J.   A re-hearing was granted in this case on the application of both plaintiffs and defendants.

After a careful re-examination of the questions discussed, we have concluded that our former decree ought to remain undisturbed.

It is, therefore, ordered, that the decree heretofore pronounced by us in this case remain undisturbed.