————o————

5340.

(Court of Appeal, Parish of Orleans.)

## JOSEPH VACCARO vs. JOS. R. PIGNOLO.

A sale *per aversionem*" conveys all the land between the apparent or visible, boundaries of the estate.

Appeal from the 29th, Judicial District Court, Parish of Plaquemines.

P. J. Patorno, G. B. Smart, for plaintiff and appellant.

Jas. Wilkinson, for defendant and appellee:

ST. PAUL, J.—For a number of years plaintiff, and defendant's father respectively occupied as owners two estates, fronting on the Mississippi River, that appeared to adjoin each other. Defendant discovered some three years ago that between the lands actually belonging to the respective parties there lay a tract of land 135 feet wide apparently belonging to one Popovich. Defendant acquired this land from Popovich and then brought an action of boundary, to fix the division line between said tract and the estate belonging to plaintiff.

— 11 —

A survey was had under order of Court and the division line forming the upper boundary of said tract and the lower boundary of plaintiff's estate was established at a point about 26 feet further up the river than that which had formerly been supposed to be the division line between the two estates occupied by plaintiff and defendant's father respectively.

Defendant being about to take possession of these 26 feet of land, plaintiff brought this suit to enjoin him from doing so until he had reimbursed plaintiff for the improvements which he had placed thereon.

The evidence satisfies us that at the time plaintiff purchased his estate, there still existed the remains of a fence which had once been the apparent or visible, boundary marking the limit between the estate which belonged to his author, Dr. Rabasse, and the estate next below, and occupied by defendant's father. In fact it is scarcely denied by defendant that a fence once existed at this point, but it is claimed that it formed only an enclosure for a garden and was not intended to mark the division line between the two estates; and that at the time of plaintiff's purchase it was so overgrown with weeds and underbrush that it could not be seen.

But the evidence satisfies us that Dr. Rabasse possessed up to this fence, and that as soon as plaintiff purchased the estate he cleared away the underbrush, uncovered the fence, and has possessed up to that fence ever since.

The only question presented is whether plaintiff was a possessor in good faith, of the 26 feet of land aforesaid, and entitled to reimbursement for his improvements.

Defendant has furnished us a number of authorities tending to show that one who possesses under a title defective in form, or describing the lands so that it is impossible to locate them, or who takes possession beyond

the extent given him by his title, is not a possessor in good faith, within the meaning of the law.

But in our opinion these authorities have no application here. For although plaintiff did not at the time acquire a valid title to the 26 feet of land on which this controversy hinges, because his author did not himself own the 26 feet; nevertheless the deed under which he went into possession did in point of fact purport to convey title to that land.

For the description under which plaintiff acquired his estate from the succession of Dr. Rabasse was as follows:

"A certain tract of land, etc, measuring 982 feet front on the Mississippi River, by a depth of 40 arpents between parallel lines, bounded above by lands of J. Johnson and below by lands of Popovich."

And such a sale has repeatedly been held to be a sale "per aversionem" conveying title to all the lands included in the apparent or visible boundaries of the estate.

**Johnson vs. Quarles, 3 La. 92; Grafton vs. Wells, 4 La. 534; Harmon's Heirs, vs. O'Moran, 18 La., 527; Labiche vs. Jaham, 9 Rob. 30; C. C. 854, 826.**

So that plaintiff took possession of all the land formerly possessed by Dr. Rabasse, under a title which purported to convey to him the whole extent of the premises from one visible boundary to the other; and was, in our opinion, a possessor in good faith, within the meaning of the law allowing him reimbursement for his improvements.

The improvements claimed consist of a drainage canal and some orange trees planted by plaintiff himself.

As to the drainage canal, we allow nothing, for the evidence shows that the canal existed long before plaintiff purchased, and though he enlarged and deepened it some, it has since filled up considerably and its value to the land is doubtful.

As to the orange trees, the evidence shows that plaintiff planted about 50 trees in one row which is entirely on the land in question, and about 50 in another row which is on the old division line and for which plaintiff claims only one half their value. The testimony also shows that these trees are worth about $5.00 a piece. So that the value of the trees planted by plaintiff and the extent to which he has improved the land is $375.00; and he is entitled to retain the land until he is reimbursed that sum. **C. C. 3453-2.**

On the other hand plaintiff is bound to account for the fruits "from the time ot the claim for restitution." **C. C. 3453 No. 1.**

The suit to fix the boundary was filed July 8th, 1908, and plaintiff is entitled to legal interest on his claim from that date. But he owes an account for the crops of 1908 and subsequent years to be imputed at the end of each year in the manner pointed out by law, i. e. first to the interest accrued at the time, and the balance if any to the reduction of the capital. According to the evidence the crop of 1910 was worth net $18.00, that of 1909 net $9.00, and that of 1908 (average) $13.50.

We are therefore of opinion that the following judgment meets and legally disposes of all the issues herein raised. Wherefore,

It is ordered, adjudged and decreed that the judgment herein appealed from be reversed, and it is now ordered that the injunction herein issued be perpetuated in so far as to prohibit the defendant Jack Pignolo from taking possession, or attempting to take possession, of

a strip of land 26 feet wide, adjoining plaintiff's land in the parish of Plaquemines, and now in the possession of plaintiff, until said plaintiff shall have been reimbursed the sum of $375.00 with legal interest from July 8th, 1908, subject to a credit for the net value of the crops of 1908 and subsequent years, to be imputed at the end of each year in the manner pointed out by law; the net value of the crop of 1908 being hereby fixed at $13.50, that of 1909 at $9.00, and that of 1910 at $18.00; and that defendant pay the costs of both Courts.

Dufour, J., not having heard the argument, takes no part.

June 26th, 1911.

Rehearing refused October 23, 1911.

November 28, 1911, writ granted by Supreme Court.