### CUNY vs. ARCHINARD.

APPEAL from the court of the sixth district.

When in the sale of a tract of land there is error as to the quantity contained within certain limits, but none as to the limits, the vendor cannot claim any land lying within these limits.

PORTER, J. delivered the opinion of the court. The ancestors of the present plaintiff and defendants were heirs of Cesar Archinard. Among other property owned by him, was a tract of land lying in the parish of Rapides, on which he had opened a plantation and re-

sided. This plantation, after various sales made in order to effectuate a partition, for the succession appears to have been a subject of great litigation among the heirs, was jointly purchase by the immediate ancestor of the defendant, under a description which stated it to consist of 950 arpents. A survey having been lately made of the land included within the patent, it was found to embrace the quantity of 1854 arpents ; and the plaintiffs have brought this action, alleging that the surplus quantity above 950, has never been sold, and that they are entitled to the one half of it.

The inventory and different sales have been introduced, for the purpose of shewing what was the understanding of the parties in relation to the true extent of the land in question.

The inventory made in the year 1809, states it to be a tract of land, of 950 arpents, lying on the bayou Rapides, being the residence of the deceased, consisting of a plantation under fence, a dwelling-house and out-houses, a cotton gin, press, and grist mill, inclusive, and various improvements.

At the sale made by the parish judge, the ancestor of the plaintiffs became the purchaser, under a description as follows—" A tract

of land, of nine hundred and fifty arpents, on the bayou Rapides, being the residence or home plantation of the deceased Cesar Archinard and Eliza P. Archinard."

For some reasons, which do not appear in evidence, and which could not be of any importance in deciding on the rights of the parties now before us, the property belonging to the succession was again put up at auction, and at this sale the ancestor of the defendants became the purchasers, the land being described as follows—" 950 arpents of land on the bayou Rapides, the tract whereon R. E. Cuney now lives, *agreeably to the title papers.*"

This sale was made by the sheriff, and in the deed of conveyance given by him to the purchaser, the same description is given as that just mentioned.

The title of the land consists in a complete grant from the Spanish government, and it gives the following limits to the land conceded to the ancestor of the parties :

" *Lindando de un lado con tierras pertenecientes a Mr. Duparc, y del otro a las de Don Ricardo Edmond Cuney, como lo demu-*

*estro prolixamente el plano figurativo que antecede."*

" Bounded on one side by lands belonging to Mr. Duparc, and on the other by those of Mr. Richard Edmund Cuney, as is more fully shewn by the antecedent plan of survey."

This plat represents the land with the limits there given, and is stated to contain 950 arpents.

The real question in this cause, lies within a very narrow compass. It is, whether the sale was what is called in our law *per aversionem.* It is certainly a correct principle, as contended for by the counsel for the appellants, that where a tract of land is sold as containing a certain quantity, without boundaries being given, that if there be error in both parties' in regard to the quantity, the vendee has no right to demand the surplus. It would be inequitable that he should, for it did not enter into the contemplation of either to make it the subject of the agreement. The doctrine in our law, in relation to sales *per aversionem,* is not understood to affect this principle; but on the contrary, to sustain it. It proceeds on the idea that where the object is sold in bulk, and by certain limits, that it must be under-

West'n Dis'c
*October* 18 **6**

CUNY
*vs*
ARCHINARD.

stood their attention was more fixed on the size or limits, than on the quantity which it was stated these limits contained. Where the object sold is an island, or a field inclosed, the application of these principles is easy; but where it is of great extent, and the boundaries not perfectly known, as was frequently the case in the early settlement of this state, the reason on which the rule was established certainly does not apply with the same force.

But the case before us is not one which would justify us in taking it out of the rule, even on the ground just stated. The land is not of great extent. The parties who were of full age, knew well its limits, and as the purchase was made in reference to these limits, the boundaries must control the quantity.

In the case of *Fouche* vs. *Macarty*, reference was not made to title papers in possession of the heirs, but to those which ought to exist in the office of the notary public; and the opinion of the court went expressly on the ground, that neither seller or buyer knew the fact, that the plantation had received an accession of twenty-six arpents in depth, by a second grant from the Spanish government. A conclusion which was rendered very strong

in that case, by the circumstance of the heirs being minors, and the sale being conducted by their tutor In the cause now before us, the heirs were of the age of majority, and they had been for some time in litigation respecting this property. The ancestor of the plaintiff had once purchased it, and had been in possession of it. We have no doubt, therefore, that both knew the limits; and if both knew them, and the one bought, and the other sold, in reference to them, they must control the enumeration of quantity; or in other words, although there might have been *error as to quantity*, there was *none as to boundaries* and the error of the former kind, in a sale *per aversionem*, will not enable the vendor to claim any part of the property contained within these boundaries.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiffs, *Baldwin* for the defendants.