*MARIGNY, ASSIGNEE OF A. BOSQUE & P. MARIGNY vs. ZENON NIVET, ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If pending a suit the plaintiff sells his title, or the property in contest to another, the purchaser may intervene and become a party to the action.

The act of adjudication confers a complete title to the object or property sold, on the purchaser, without any deed or act passed before a notary by the seller.

And the purchaser who buys according to certain definite and fixed boundaries, described in the act of adjudication, takes all the lands between such bounds, although it gives him a greater quantity than that called for in his title.

A purchaser who accepts a deed for a less quantity than what is contained in the act of adjudication, does not thereby lose the right he has acquired to a larger amount of property under the sale.

The acceptance of a deed, under such circumstances, is in the nature of a contract entered into by the purchaser *in error*, of the rights he already possessed, and as such, is not binding on him.

Agenor Bosque, under whom the plaintiffs claim, purchased a plantation in the parish of Plaquemines, at the sale of the succession of Margurite Troxler, wife of Paturel, containing eleven and two-third arpents front, by the depth of forty ; and described in the act of adjudication by certain metes and bounds. On actual measurement, made according to

the boundaries described in the act of sale and adjudication,
if was found to contain thirteen arpents and twenty-two toi-
ses. The curator of the succession limited Bosque, the pur-
chaser, to the *quantity of arpents* purchased, and afterwards
sold the surplus of one arpent and twenty-two toises, as still
remaining a part of the succession.

This suit is instituted to recover possession of this surplus
as being included in the original adjudication to Bosque.—
This district judge decided, that by the terms of the adjudi-
cation, a complete title was conferred on the purchaser of
the plantation, *according to the defined boundaries*, which
controls the call for quantity. The plaintiffs had judgment
for the surplus of one arpent and twenty-two toises, as having
been included in the original purchase by their assignor, Bos-
que.

Bosque had accepted a deed from the curator, limiting him
to the quantity of eleven and two-third arpents, and when the
surplus was ascertained and sold, as still remaining a part of
the succession, he attended and bid for it; but the defendant
Nivet, became the purchaser. The district judge decided,
that this acceptance by Bosque was made through error, and
was by no means a renunciation of his rights under the first
sale.

The defendant Nivet, and the heirs of Madame Troxler,
whom he cited in warrant, appealed.

*Pitot*, for the plaintiffs and appellees.

*Denis*, *Vinot* and *M'Caleb*, for the defendants and appel-
lants.

*Porter*, *J*. delivered the opinion of the court.

At the sale of the effects of the succession of a certain
Margurite Troxler, deceased, Bosque, one of the plaintiffs
in this suit, became the purchaser of a tract of land, under
the following designation:

"A plantation, situated in the parish of Plaquemines, on the
right bank of the Mississippi, at about twenty-six miles be-

low the city of New-Orleans, said plantation measuring eleven and two-third arpents, fronting said river, with the ordinary depth of forty arpents, bounded on the upper line by the property belonging to the estate of the late Antoine Paturel, and on the lower line by that of Jean Salvant, together with a dwelling house, and other out houses thereon, and thereunto belonging, fences, &c. adjudged for the price of $10,300.

Previous to the purchaser giving his notes for the price, conformable to the terms of the sale, a survey was made of the premises, the eleven and two-third arpents, mentioned in the deed of sale, were measured off, and boundaries planted. This survey shewed that the quantity just mentioned, did not embrace all the land contained within the boundaries expressed in the ajudication; that one arpent and twenty-two toises still remained. Bosque, however, accepted the eleven arpents and two-thirds, as the quantity bought by him, took a bill of sale from the curator, with boundaries conformable to this quantity, giving for upper limit lands of the succession, instead of those of Paturel, as mentioned in the adjudication, and gave his notes for the purchase money. The curator of the succession, afterwards had an inventory made of the one arpent and twenty-two toises, and exposed it for sale. At the auction, Bosque appeared and bid for the land, but it was finally adjudged to the defendant Nivet.

This took place in the year 1829, in the month of February, and in November of the same year, this action was instituted.

The defendants have called in warrantee, the heirs of Troxler, amounting to forty-seven in number, who by their answer, have put at issue the plaintiffs right to recover.

The court below gave judgment however in their favor, and decreed that the possessors should recover over against their warranters, the amount paid for the premises. The latter have appealed.

Pending the suit, Prosper Marigny, one of the plaintiffs, sold to Gustave Marigny, the title in the premises which he

had acquired from Bosque, the original purchaser. A mo- tion was made to make the vendee of Prosper, a party to the suit. It was opposed, but the court allowed him to become plaintiff. It has been contended here, that the judge erred in permitting this addition to the parties.

We think he did not: a third party, who has an interest in a cause, may intervene. Such is the general principle. There is no law which forbids the sale and purchase of land for which a suit is pending, nor any which prevents the buyer from becoming a party to the action, and watching over the rights he has acquired. The proceeding does not in any respect, impose additional burthen on the defendant, and it increases his security for costs.

If pending a suit the plaintiff sells his title on the property in contest to another, the purchaser may intervene and become a party to action.

The counsel for defendants have argued this, as a case in which the intention of the parties, must control the expressions in the act of adjudication. They admit that if that act stood alone, the plaintiffs could recover, but insist that the acceptance of the deed of sale, by different limits, shews that the quantity mentioned in the adjudication, was that which formed the object of the contract, not that contained in the boundaries.

The plaintiff replies, that his acceptance of the sale, was caused by an error, in regard to the rights previously acquired by him—that if the quantity had been less than the eleven and two-third arpents, he could have been compelled to pay the whole price, and that where he took the risk of a lesser quantity, he has a right to any surplus that may exist.

The first question is, whether the adjudication conferred a title to the land sold, without a deed from the curator? and the second is, if it did, to what quantity?

We have positive provisions of law on both these questions.

By the 2586 article of the Louisiana Code, it is provided, that the "ajudication is the completion of the sale, the purchaser becomes the owner of the object adjudged, and the contract is from that time, subjected to the same rules which govern the ordinary contract of sale."

Eastern District,
June 1831.

MARIGNY
vs.
NIVET ET AL.

The act of adjudication, confers a complete title to the object or property sold, on the purchaser, without any deed, or act passed before a notary, by the seller. And the purchaser, who buys according to certain definite and fixed boundaries, described in the act of adjudication, takes all the lands between such bounds although it gives him a greater quantity, than that called for in his title. A purchaser who accepts a deed, for a less quantity than what is contained in the act of adjudication, does not thereby lose the right he has acquired to a larger amount of property under the sale. The acceptance of a deed, under such circumstances, is in the nature of a contract entered into by the purchaser in error of the rights he already possessed, and as such is not binding on him.

The 2601, is still more explicit, it declares the adjudication to be a complete title, and need not be followed by an act passed before a notary.

The deed therefore, by the curator, could confer no better title. The buyer was the owner of every thing stricken off to him.

The second question is solved by an article of the same work. If any one sells, or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and although the surplus exceed the twentieth part of the quantity mentioned in his title.—*Louisiana Code*, 850.

It is clear, therefore, that the purchaser, in this instance, did acquire all the lands contained between the boundaries, mentioned in the act of adjudication.

We must now inquire if he has lost them?

The acceptance of a deed of sale, containing other boundaries, does not in our opinion destroy the right previously acquired. The terms used in it, negative all idea of the parties intending to modify or change the original contract. It refers to the sale at auction, and professes to carry it into effect. There is no consideration expressed in it for the renunciation, or abandonment of the rights the purchaser had acquired by the adjudication. It does not express, what cannot be presumed, a donation—it can be regarded in no other light, than a contract entered into by the purchaser, in error of the rights which he already possessed, and as such, is not binding on him.

The bidding at the second sale, for property which was already his, is conclusive evidence of this error; and prevents the party to whom it was adjudicated, from claiming any advantage from the acquiesence of the plaintiff in the sale.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

On application for a rehearing, it is ordered, adjudged and decreed, by consent of parties, that the judgment of the district court be annulled and reversed; and it is further ordered and adjudged and decreed, that the plaintiff do recover of the defendant one arpent and twenty-two toises of land, in front, with the ordinary depth, having the limits mentioned in the petition, together with the costs of the court of the first instance, those of appeal to be paid by the appellees.