EASTERN DIST.
*March,* 1840.

KIRKPATRICK *vs.* M'MILLEN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

KIRKPATRICK
*vs.*
M'MILLEN ET AL.

14L 497
46 285
14 497
113 41
c114 445

Where several lots are sold in block, designated by numbers, in a particular square, *according to a plan*, although the *number of feet* contained in each is specified, it is a sale *per aversionem*. The reference to the plan and boundaries of the streets must control the measurement of the lots.

In a sale *per aversionem*, notwithstanding the deficiency in the superficial, quantity, the purchaser cannot claim a diminution in price.

This is an action against the maker and endorsers of a promissory note, given for part of the price of certain lots.

The defendants averred, that said lots were since sold by them to Sewell and Clannon, who assumed the payment of the note sued on, and pray that they be called in warranty, and required to pay the same.

The warrantors appeared and demanded a diminution of price in consequence of a deficiency in the quantity or measurement of said lots, and prayed to be allowed a sum proportioned to this diminution, in compensation and reconvention. The defence was not sustained. Judgment was rendered against the defendants; and in their favor against the warrantors for the amount of the plaintiff's demand. The defendants and warrantors all appealed.

*F. B. Conrad,* for the plaintiff.

*Roselius, M'Millen* and *Grivot,* for the defendants.

*Benjamin,* for the warrantors.

*Bullard, J.,* delivered the opinion of the court:

This is an action by the payee against the maker and endorsers of a promissory note. The consideration appears to have been certain town lots purchased from the plaintiff by the makers of the note, who, in the mean time, sold the lots to Sewell and Clannon, who assumed to pay the notes

EASTERN DIST.   sued on. The second purchasers were made parties as guaran-
*March*, 1840.   tors, and the original defendants claim a judgment over
KIRKPATRICK   against them *in solido*, according to their contract. *Code*
*vs.*
M'MILLEN ET AL.   *of Practice, article* 379.

The warrantors set up as a defence a deficiency in the measurement of the lots, and claim a diminution of price. But the court being of opinion that the sale was *per aversionem*, gave judgment against the original defendants for the amount of the note, and a judgment over against the warrantors for the same amount, and all the defendants have appealed.

The lots which formed the object of the sale are described substantially as follows: " No. 5 in square No. 32, situate in the faubourg St. Mary, measuring sixty feet front on St. Paul-street, by one hundred and twenty feet, all French measure." The one half of another lot of ground " No. 6, situate in the same square and faubourg, being the southern half thereof, measuring thirty feet front on St. Paul-street, by one hundred and twenty feet, French measure." Two other certain lots of ground " No. 9 and 10, situate in the same square and faubourg, and lying in the rear of lots No. 5 and 6, measuring sixty feet front on Girod-street, by one hundred and twenty deep, French measure." " The whole as per plan made by John Gravier, and deposited in the first judicial district court of this state."

Two of the lots are described as fronting on Girod-street, and the others on St. Paul. They are, therefore, represented
Where several   as bounded by those two streets, and as lots designated on a
lots are sold in   particular plan of the faubourg. If the description of each
block, desig-
nated by num-   lot were taken by itself, it would not, perhaps, come within
bers, in a parti-
cular square,   the definition of a sale *per aversionem*. It is shown that, in
*according to a*
*plan,* although   point of fact, the square is less than two hundred and forty
the *number of feet*   feet from St. Paul to Girod streets ; and, consequently, there
contained in
each is specified,   is a deficiency in the depth of each lot. But the whole of
it is a sale *per*
*aversionem.* The   the lots were sold in block, designated by numbers, in a parti-
reference to the   cular square, according to the plan of the faubourg. The
plan and boun-
daries of the   reference to the plan and boundaries of streets must control
streets must con-
trol the measure-   the statement of the measurement of the lots. This
ment of the lots.   case is analogous to that of Milligan *vs.* Minnis, 12 *Louisiana*

*Reports,* and presents the converse of the proposition sanctioned by the court in the case of Cuny *vs.* Archinard, 5 *Martin, N. S.,* 243. Notwithstanding the deficiency in the superficial .quantity, the purchaser cannot, therefore, claim a diminution of price.

The judgment of the District Court is, therefore, affirmed with costs.