### FRANÇOIS SAULET *v.* PIERRE TREPAGNIER.

The sale of a tract of land described as having seventeen *arpens* front on the river, by a depth determined by the titles, bounded on the upper side by the plantation of D., and on the lower by that of L., is a sale *per aversionem;* and having been made with reference to known and definite boundaries, conveys nothing more than is contained within those limits, and a deficiency in quantity will not entitle the purchaser, either to a rescission of the sale, or to a diminution of the price. C. C. 2471.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, for the plaintiff.

*L. Janin*, for the appellant.

Morphy, J. The defendant is sued for a balance of $15,000, on a note of $18,000, the last instalment of the price of a plantation sold to him by the plaintiff on the 27th of January, 1829. After admitting the sale and the execution of the note, the defendant avers, that the plantation was warranted to contain seventeen *arpens* front, and to run back to lake Pontchartrain, agreeably to title papers which the plaintiff represented he had in his possession. That the plaintiff had no title at all to one *arpent* front with the depth so conveyed, and that selling it agreeably to title papers which he had not, he was guilty of fraud towards him. That for the portions to which the plaintiff had titles running to the lake, there are other and better titles covering the same land, so as to prevent him (the defendant) from getting much the greater part of the land thus sold. The defendant further avers, that he agreed to pay for the plantation and the slaves employed on it $130,000, which sum he has paid, except the amount yet due on the note sued upon ; but that for the reasons and frauds aforesaid, he is entitled to a reduction of fifty thousand dollars upon the price paid, which he pleads in compensation and reconvention. The case was laid before a jury. The plaintiff having obtained a verdict and judgment, the defendant. moved for a new trial, failing to obtain which he has appealed.

The act of sale, after reciting the various titles by which the vendor had acquired the several tracts forming the whole plantation, proceeds as follows : " *Ce qui compose bien l'habitation mentionnée aux présentes de dix sept arpens de face au fleuve, sur une profondeur qui sera déterminée par les titres, ce qui agrée à l'acquéreur, bornée dans sa partie supérieure par l'habitation Dieudonné et Similien LaBranche,et dans sa partie inférieure par celle de Mde. Vve. Delhommer.*" From these expressions used by the vendor, we take the sale to be one *per aversionem*, under the repeated adjudications of this. court. When a sale is made with reference to known and definite boundaries, nothing more is intended to be conveyed than what is contained between the given boundaries, and a deficiency in quantity does not entitle the purchaser to demand either a rescission of the sale, or a diminution

of the price. 5 Mart. N. S. 241. 8 Idem, 159. 3 La. 91. 4 La. 535. 7 La. 455. 16 La. 186. Civ. Code, art. 2471. As to the depth of the land sold, it does by no means clearly appear that the plaintiff intended to sell, or did sell a plantation extending to lake Pontchartrain. The deed of sale does not say so. From the courses of the side lines, which were well known to both parties, they must have been aware that the lines closed at some distance from the river. From the language used, the depth of the land seems to have been a matter of uncertainty, left to be determined by the titles, such as they were; and all the title papers are proved to have been handed over to the defendant at the time of the sale. These are not to be found in the record, and we cannot know whether they mention anything about the depth of the land; but a confirmation by the United States was produced by the defendant, in which the land is mentioned as a part of a tract of twenty-one *arpens* front, stated by two witnesses to have been granted by the Spanish Government to the widow Grondel, and to extend to the lake. Notwithstanding this enunciation in the confirmation, it was not doubted by the jury, nor can we doubt that the purchaser knew perfectly well that the land he was buying did not extend to the lake. The evidence shows that the side lines of the plantation are not parallel, that they approach a good deal, and that a large portion of the rear is cut off by the lines of adjoining plantations, which intersect those of the defendant at a distance represented to be about seventy *arpens* from the river. The plantation sold, and the adjoining ones have been settled and laid out for a number of years, with fences on each side, marking the dividing lines between them; and several witnesses say that these fences or lines have never been changed, and that they have always known them to exist as they now stand. The defendant, who was well acquainted with the plantation, having always lived in its immediate vicinity, where he was born, took possession of it in January, 1829, and regularly paid up his instalments without complaint. Two surveys of the land took place after the sale, one in July, 1829, and one in April, 1833. The latter, which has been given in evidence, was made by L. Bringier, at the request of, and in presence of the defendant. It shows the courses of the side lines, which close so as to give only a width of about six

*arpens* at forty *arpens* from the river. The defendant made no objection, and appeared to be satisfied. On the 3d of May of the following year, when the note sued on became due, he paid on account of it $1500, with one year's interest, and on the 1st of May, 1835, he paid a further sum of $1500, with interest on the balance up to the 5th of May, 1836. No further payments having been made, this suit was brought for the balance due. Under all these circumstances, the jury thought that there was no fraud as alleged by the defendant; that he bought with reference to boundaries, the course and situation of which were well known to him; and that, therefore, he was not entitled to any diminution of the price. We cannot say that they erred.

*Judgment affirmed.*