InsiiBY, J.
This suit was brought to recover the amount of the last of the notes given as the price of a certain tract of land situated in the parish of Terrebonne, on the right descending bank of the Bayou Little Caillon, measuring one arpent and a half front, with the depth of survey, bounded above by the land of H. Cage, and below by the land of Paulin T'epandier.
Payment was resisted by the defendant in consequence of a deficiency of measure in the front line of the tract, which was sold as having one and a half arpents between the described lateral boundaries, whilst in reality there was only one-half arpent and twelve feet. She claims a diminution of the price for eighty-four feet, amounting to four hundred and fifty-two dollars and eight cents.
Another defense set up was that since the purchase made by the defendant, Henry Cage had brought- an action of boundary against her, in which if he succeeded, there would remain to her only about seventy-nine', feet front. She therefore prays that proceedings in this.case be suspended against her until the decision of Cage’s suit, and she asks for such reduction of the price as she should be entitled to when the amount of deficiency should be determined.
The Court below deemed it unnecessary to examine the second ground of defense, as the plaintiff in the Cage suit had himself dismissed it in open court, and we shall therefore merely examine the first ground:
The sale to the defendant is evidently one per aversionem, and in such sales there can be no claim for a disagreement in measure. Civil Code 2471,850. Curry v. Achinard, 5 N. S. 243. 8 N. S. 160. 14 La. 497. 2 La. 502. 19 La. 423. 2 Rob. 357, and other authorities; besides this, it is contended by the seller that there is no warranty as to quantity.
Fraudulent concealment by the vendor, as to the real quantity, was not charged against him in the pleadings; but, it is urged in this Court, and a diminution of the price in consequence thereof, is claimed. Apart from the fact that the previous mesne conveyances represent a smaller front than that sold, there is nothing in the record to sustain the charge of fraudulent concealment or misstatement, oh the part of the ádministrator. The whole chain of titles had been duly recorded, so that the variance complained of knight have been readily ascertained.
The sale took place on the premises, and if the purchaser erred as to the exact measurement of the front line, and the superficial quantity contained in the tract, she could not have been deceived as to-the boundaries to which her attention would have been naturally directed. See the case of Curry v. Achinard, 5 N. S. 212, 213.
This case bears no analogy to that relied on of Lessassier v. Dashiel, 13 La. 155, which was remanded to the lower Court to permit the purchaser to prove what was expressly charged, that the vendor knew before and at the time of the sale that the tract of land, known as the double concession, did not contain four hundred arpents, but less than ninety-three arpents and a fraction—but before and at the lime of the sale, he assured the defendant that it contained four hundred arpents, or upwards.
That was a sale .per aversionem, but the Court very properly held that good faith is required in sales of that description as much as in any other contract, and if the false representation attributed to the vendor could *135 lie sustained, that he could uot shelter himself behind the principle that the sale was one pur aversionem. and that he was not. liable to make up the deficiency.
The Court below considered the danse in the conveyance now before us as one of non-warranty as to quantity; but as we deem the sale to be one coming unqualifiedly within Article 2471 of the Civil Code, it is unnecessary for us to determine what effect should be given to that term of the sale.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be and the same is hereby affirmed, at the costs of the appellant.