No. 5066.

EDWARD. J. GAY v. W. L. LARIMORE.

The question in this case is whether the sale, in consequence of which the note sued upon was given, is one *per aversionem,* or per acre.

On the trial, the court below did not err in receiving in evidence, offered by plaintiff, the deeds of sale from the Citizens' Bank and from the sheriff to him, in which the boundaries of the land sold were described.

It follows from said evidence that it was the sale of a plantation described in certain deeds wherein the boundaries were specifically set forth, with all that was upon it, for a certain price for the whole. It was a sale *per aversionem,* and not per acre. The plaintiff purchased by boundaries and sold by boundaries within which the number of acres is described "as more or less."

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Cole, J. Barrow & Pope,* for plaintiff and appellee. *Herron & Gallaugher, Fuqua & Calliham, R. T. Posey,* for defendant and appellant.

MORGAN, J. The defense to the note sued on is that it was given in part payment of certain lands sold by plaintiff to defendant, and that the quantity he acquired is not the quantity he purchased. The question is whether the sale was one *per aversionem,* or whether it was a sale per acre.

Gay sold to Larimore the Mound Magnolia plantation, situated in the parish of East Baton Rouge, State of Louisiana, and composed of the following tracts of land, to wit:

*First*—A tract of land acquired by Gay by deed from the sheriff of the parish of East Baton Rouge, and adjudicated to him at sheriff's sale on the fourth April, 1868, made under seizure in the suit of Edward J. Gay v. W. J. Sharp, Samuel Matthews and Leodocia Davis, wife of George W. Clarke, in the Fifth District Court of said parish, and containing nine hundred and eighty-five acres, more or less.

*Second*—The tract of land known as the Vail tract, adjoining the above described on the south, containing two hundred and forty acres,

being the same acquired by said Gay from the Citizens' Bank of Louisiana, together with one hundred and twelve shares of the capital stock of said bank, and all the buildings, fixtures and implements thereunto belonging or thereto attached, together with the growing crops thereon, as well as the hogs, mules, oxen, horses and sheep thereon, and all the corn and hay remaining on the place from the crop of the previous year.

The sale was made for and in consideration of the sum and price of $35,000.

On the trial, plaintiff offered in evidence the deeds of sale from the Citizens' Bank and from the sheriff to him, in which the boundaries of the land sold were described. The court did not err in receiving them.

The sale was not, in our opinion, a sale of so many acres of land at so much per acre. It was the sale of a certain plantation described in certain deeds referred to in the act of purchase, wherein the boundaries were specifically set forth, with all that was upon it, for a certain price for the whole. It was the sale of a plantation, and not of so many acres of ground. Gay himself purchased by boundaries; he sold by boundaries. The number of acres was described as "more or less" in the Mound Magnolia place. If he had sold more than was mentioned in the deed, Larimore would have taken the surplus; if he sold less, Larimore must take less.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

HOWELL, J., dissenting. The evidence in this case brings me to the conclusion that the parties contracted with reference to the quantity rather than to any fixed limits or boundaries of the land, and as the deficiency is considerably more than one-twentieth, I think the defendant is entitled to a proportionate reduction of the price.

In the agreement of sale the titles of the vendor are not referred to as containing a description with boundaries, but merely, I think, as the source of his acquisition, and at the time one of his titles was not recorded and no proper description of it is given; and in the notarial act of sale, executed some months afterwards in a distant city, the description is not made any more specific, except to give the date of and notary passing the said act, which was recorded after the said agreement.

The authorities cited by the plaintiff do not, in my opinion, sustain his position.

I therefore dissent.

Rehearing refused.