153 So. 6

**CONSOLIDATED COMPANIES, Inc., v. HAAS LAND CO., LIMITED, et al.**

No. 32158.

July 7, 1933.

On Rehearing Feb. 5, 1934.

Second Rehearing Denied Feb. 26, 1934.

Borron, Owen & Borron, of Plaquemine, for appellant.

W. E. Couvillon, of Marksville, for appellee Haas Land Co., Limited.

Peterman, Dear & Peterman, of Alexandria, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee Texas & P. Ry. Co.

ST. PAUL, Justice.

This is a petitory action. Plaintiff claims a strip of land in the town of Bunkie, about 60 feet in length and having a width of about 18 feet between the toe of the embankment on which the tracks of the Texas & Pacific Railway Company are laid and a line running parallel to said tracks equally distant from the center of said track and from the western line of East Main street, that is to say about 50 feet east of the center of said track and 50 feet west of the west line of the said East Main street.

**I.**

Plaintiff claims through mesne conveyances from Mary Jane Carter, who acquired from

Alexander M. Haas on November 16, 1899, the following described property:

Two certain town lots in Bank addition of Bunkie, La., as per survey of Ira W. Sylvester,—being the No. 1 and 2 in Square X A, having a front of 50 feet each on East Main street, by a depth of 50 feet each and bounded on the north by lot No. 3, on the east by East Main street, on south by railroad right of way, and west by Texas & Pacific Railway.

## II.

As neither Mary Jane Carter nor any of her successors in title have ever possessed any land more than 50 feet west of the west line of east Main street, plaintiff must rely exclusively on the title of Mary Jane Carter. Plaintiff claims that she acquired, by said title, all the depth of the land between the west side of East Main street and the toe of the embankment on which the tracks of the Texas & Pacific Railroad Company are laid. Defendant contends that she acquired only 50 feet in depth from the west side of East Main street.

## III.

When the sale by Alexander Haas to Mary Jane Carter took place, the parties thereto and every one else believed that the Texas & Pacific Railroad had secured by convention a right of way 100 feet wide through the original plantation, of which the land in controversy forms part, said right of way extending 50 feet on each side of the center of its tracks. But in point of fact the railroad had acquired no such conventional right of way but had merely built its tracks upon, and occupied, an embankment approximately 64 feet wide and thus extending only 32 feet on

each side of the center of its tracks. This 64 feet, 32 feet (approximately) on each side of the center of its tracks, was in fact the only right of way which the railroad company had, the right of way having been acquired by occupancy, and not by grant. The 18 feet which make up the difference between the actual right of way as acquired by occupancy, and the 50-foot right of way (on each side) then supposed to have been acquired by grant, are the 18 feet (approximately) involved in this controversy.

## IV.

At the time of the sale by A. M. Haas to Mary Jane Carter, the parties had before them the original plan and survey of Ira W. Sylvester, referred to in the deed. At the date thereof this plan was not recorded, but there was of record an incorrect copy thereof which, however, is immaterial since both plats alike showed that the supposed right of way of the railroad company extended 50 feet on each side of the center of its tracks. Accordingly, when Haas sold to Mary Jane Carter a lot of ground (two lots) measuring 50 feet in depth from the west side of East Main street to the line of the railroad company, having then before them the plat which showed distinctly that the railroad right of way extended eastward 50 feet to a line 50 feet west of the west side of East Main and coinciding exactly with the depth assigned to the lot of 50 feet west of the west side of East Main street, there was and could be no room whatever for any misunderstanding that Haas intended to sell and Mary Jane Carter intended to buy a lot (lots) having exactly 50 feet in depth no more and no less. For the rear line of said lot (lots), both by the meas-

urement called for (50 feet) and by the supposed line of the railroad right of way according to the plat before them, was fixed exactly, to wit, at 50 feet west of the west line of East Main street and 50 feet east of the center of the railroad track.

### V.

The fact that Haas, and Mary Jane Carter and every one else, believed at the time that everything west of a line 50 feet west of the west side of East Main street and 50 feet east of the center of the railroad track belonged to the railroad company and not to Haas, does not negative, but rather serves to confirm, the fact that Haas did not intend to sell and Mary Jane Carter did not intend to buy any land west of the supposed line of the railroad right of way; for certainly it is not to be presumed that Haas intended to sell and Mary Jane Carter intended to buy any land which both of them believed belonged to another party and not to Haas.

And the fact that Mary Jane Carter never intended to buy, and did not believe she had ever bought, any land beyond a depth of 50 feet west of the west line of East Main street, is further confirmed by the fact that neither Mary Jane Carter nor any of her successors in the title ever attempted to take possession of any land more than 50 feet west of the west line of East Main street or made any inclosure or set up any bounds beyond that.

Accordingly the trial judge saw no merit to plaintiff's claim and rejected its demand; and we think that his judgment was correct and that there is no merit to plaintiff's appeal.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

### On Rehearing.

ROGERS, Justice.

As stated in our original opinion, this is a petitory action in which plaintiff is claiming title to a strip of land in the town of Bunkie, Avoyelles parish. The strip of land in dispute is approximately 18 feet wide and extends across the rear of two lots of ground owned by the plaintiff. Title to the property is also claimed by the defendant Haas Land Company, Limited, which has fenced it in.

The ground in dispute is a part of what was formerly known as the "Murdock Plantation," which was purchased on May 31, 1889, by A. M. Haas from the Factors' & Traders' Insurance Company.

In 1880 or 1881, the Texas & Pacific Railway Company constructed its tracks across the plantation without acquiring by purchase or by grant from the owner the land of which it took possession.

A. M. Haas, on March 15, 1897, caused a survey to be made by Ira W. Sylvester of the town of Bunkie, and of a portion of the Murdock plantation, which thereafter became locally known as the "Bank Addition." On November 16, 1899, A. M., Haas sold to Mary Jane Carter two lots of ground in the Bank addition of Bunkie, as per survey of Ira W. Sylvester, being designated as 1 and 2 of Square X A, having a front of 50 feet each on East Main street, by a depth of 50 feet

each and bounded on the north by lot No. 3, on the east by East Main street, on the south by the railroad right of way, and on the west by the Texas & Pacific Railway. These lots were acquired by plaintiff through mesne conveyances from Mary J. Carter.

On January 15, 1908, A. M. Haas sold the Murdock plantation or "Bank Place" to the defendant Haas Land Company, Limited, "less whatever portion has been sold in town lots as an addition to the Town of Bunkie."

■ At the time Alexander M. Haas sold to Mary Jane Carter under the description hereinabove set forth, he owned the fee to the land occupied by the right of way of the Texas & Pacific Railway Company, the western boundary call in his deed of the lots to Mary Jane Carter. The servitude of the railroad company, being based on mere occupancy, was limited to the area actually occupied or used by the company. All the maps, including the Sylvester map of March 15, 1897, show the railroad right of way to be 100 feet wide 50 feet from the center line of the railroad track on each side.

The railroad company now claims the actual occupancy of only 32½ feet, thus eliminating from the east side of its right of way, as shown by the Sylvester map, a strip of ground 17½ feet wide, which creates a lane or alley between the rear of plaintiff's lots and the right of way as presently claimed by the railroad company. This is the strip of ground which the Haas Land Company, Limited, under its claim of ownership, has inclosed with fences, thereby depriving plaintiff of access to the railroad tracks and destroying the commercial value of its property.

It is not disputed that plaintiff's title to the property in controversy is controlled by the sale from A. M. Haas to Mary Jane Carter. Plaintiff contends that the sale must be considered as a sale per aversionem or by boundaries, or must be governed by the universally recognized rule that a private conveyance of land bounded or abutting on a street or highway, the fee to which belongs to the abutting owner, is presumed to take the fee to the center of the street or highway. On the other hand, defendant Haas Land Company, Limited, contends that the sale must be controlled by the measurements set forth in the deed and on the map referred to therein, which measurements show a depth of 50 feet for the lots and for Block X A, in which they are located.

The fact that the depth of Block X A is given as 50 feet is not important, because the Sylvester map shows that the western boundary of Block X A, as well as of lots 1 and 2 therein, is the right of way of the Texas & Pacific Railway Company.

The toe of the railroad embankment as it presently exists is not the same as it was when Mary J. Carter purchased the property from A. M. Haas. When that transaction took place, the limit of the land occupied by the railroad company was marked by a ditch, which was filled in by the railroad company while a portion of the property was owned by Willie Bobbins, one of plaintiff's ancestors in title, who purchased in September, 1920.

Although the deed from Haas to Carter calls for a depth of 50 feet, it also calls for a boundary on the "Texas & Pacific Railway." And we do not think there can be any doubt

it was the intention of the parties that the property should abut on the right of way of the railroad company, which right of way they erroneously thought extended 50 feet on each side of the main track as shown by the map.

There was no purpose to be served by the retention by Haas of title to the narrow strip of land in dispute, which was of no practical value to him, whereas, it was to the interest of the vendee that the property should abut on the railroad right of way, thereby adding substantially to its value.

Our conclusion is that the intention of the parties was embraced within the terms of their contract.

Article 854 of the Civil Code provides as follows, viz.:

"If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title."

And article 2495 of the Civil Code declares that:

"There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary."

■ This court, in interpreting the codal articles, has invariably held that a sale in which specific boundaries are given is a sale per aversionem, or a sale from one fixed boundary to another, and conveys all the land within the boundaries given, whether the measure be correctly stated in the deed or not, as the designation of the boundaries control the enumeration of the quantity. Passera v. City of New Orleans, 167 La. 199, 118 So. 887, and the numerous authorities therein cited.

Thus, in Whitney v. Saloy, 26 La. Ann. 40, this court declared that reference to the streets in a plan and deed controls as to the measurements.

And in Kirkpatrick v. McMillen, 14 La. 497, which is particularly appropriate to this case, this court held that, where several lots are sold in block, designated by numbers, in a particular square according to a plan, although the number of feet contained in each lot is specified, it is a sale per aversionem, the reference to the plan and boundaries of the streets controlling the measurements of the lots.

The boundaries of the lots acquired by Mary Jane Carter from A. M. Haas, as described in the deed and set forth on the Sylvester plan are as follows, viz.: "Bounded on the North by lot No. 3 on the East by East Main Street, on the South by Railroad right of way and West by Texas & Pacific Railroad." If the southern boundary—railroad right of way—and the western boundary—Texas & Pacific Railway—be regarded as being in the same category as street boundaries, which we think they should be, the same situation is presented in this case as was before the court for decision in the Kirpatrick Case.

■ In view of the codal articles and the jurisprudence to which we have referred, Mary Jane Carter and her successors must

be held to have acquired and to hold title to the lots as far as the spot called for as their western boundary, namely, the Texas & Pacific Railway, although the distance given falls short of such spot or boundary; and that such title embraces all the land within the boundaries described, notwithstanding it gives a greater quantity of land than is called for by the measurements. See, also, Brand v. Daunoy, 8 Mart. (N. S.) 159, 19 Am. Dec. 176; Marigny v. Nivet, 2 La. 498.

The Texas & Pacific Railway Company was impleaded as a defendant, plaintiff alleging that the railroad company had encroached on a portion of its property. The judgment of the court below rejected plaintiff's demand against the Texas & Pacific Railway Company as well as its demand against the Haas Land Company, Limited.

Plaintiff's appeal from the judgment has been answered by the Texas & Pacific Railway Company, which prays the judgment be amended so as to decree the railroad company entitled to a servitude of the extent described and claimed by it in its answer.

The land claimed by plaintiff does not encroach upon the right of way of the railroad company, except a triangular strip which is shown on Exhibit T & P No. 1, attached and made part of the answer of the railroad company, which strip of land is comprised within the three lines lettered XY, YZ, ZX. But the fence erected by the Haas Land Company, Limited, is on the crown of the railroad embankment and, therefore, stands partly on the railroad right of way, as shown on Exhibit T & P No. 2 attached to and made part of the answer of the railroad company.

As the Texas & Pacific Railway Company and the Haas Land Company, Limited, are codefendants and coappellees, the judgment as between them cannot be revised, amended, or reversed.

The triangular strip of land on Exhibit T & P No. 1 was acquired by the railroad company, together with other property, by a grant or donation executed by A. M. Haas by act before A. Barnett, notary, April 17, 1885, which act was recorded on April 11, 1885, in Book XX, page 779, of the Conveyance Records of the parish of Avoyelles. Therefore, the title of the railroad company to said strip of land should be recognized and plaintiff ordered to forthwith surrender possession thereof.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of plaintiff, Consolidated Companies, Inc., against defendants, Haas Land Company, Limited, and Texas & Pacific Railway Company, recognizing plaintiff as the owner of the property described in plaintiff's petition, except the triangular strip of land shown on Exhibit T & P No. 1, attached to the answer of the defendant railroad company, which triangular strip of land is recognized as the property of the Texas & Pacific Railway Company.

It is further ordered that the defendants forthwith surrender possession of the property decreed to be owned by plaintiff and that plaintiff forthwith surrender possession of the property decreed to be owned by the defendant Texas & Pacific Railway Company. All costs of suit to be paid by the defendant Haas Land Company, Limited. The right is

reserved to all the parties litigant to apply for a rehearing.

OVERTON and ST. PAUL, JJ., dissent.