LOTTINGER, Judge.
By judgment dated November 23, 1949, the Bryant heirs were recognized as owners, by inheritance, of an undivided one-third interest in and to a certain 85 acre tract of land in the Parish of St. Helena. The said tract of land was ordered to be sold by the Sheriff at public auction in order to effect a partition. Eugene Hutton intervened, alleging that he is the owner of said property, and secured an order directing the Bryant heirs to show cause why the sale should not be enjoined. From judgment dismissing the rule, intervenor has appealed.
The evidence shows that, during the year 1902, the tract in dispute was acquired by Thomas Bryant, Cain Spears and Sol Montgomery, each acquiring an undivided one-third interest therein. Thomas Bryant was the father of petitioners herein, and Sophie Spears, wife in community of Thomas Bryant, was the daughter of Cain Spears. In the Succession of Cain Spears, the petitioners herein inherited the share of their deceased mother in the said property. On November 14, 1942, the Sheriff, at partition sale instituted by the heirs of Cain and Susan Spears, sold all the property listed in the inventory of the Succession of Cain Spears and his wife, Susan Spears. It should be noted that Sophie Spears, the mother of petitioners • and the daughter of Cain and Susan Spears, died March 27, 1913, prior to the opening of the Spears Succession and that petitioners came into inheritance in the Spears Estate as grandchildren. At the 'Sheriff’s sale, Eugene Hutton, the intervenor herein, acquired the following described property: “126 acres of land in Section 42, 54 T3 SR 5 East, bounded on the North, Amite Bank 6 Trust Co., East by the Natalby Lumber Co., South by Chas. C. Reeves, and West by Twelve Mile Creek.”
Under date of November 23, 1949, judgment of possession was entered sending petitioners into possession of the Estates of Thomas Bryant and his wife, Sophie Spears. Included in the judgment of possession was the following described property: “An undivided one-third (%rd) interest in and to the following described property, to-wit: Eighty-five (85) acres, more or less being in the southeast corner of Section 54, T 3 S, R 5 E, Greensburg Land District, more particularly described as follows: Beginning at the northeast corner of land owned by R. T. Boyd in Section 54, T 3 S, R 5 E, running thence south 84 degrees east to East line of said Section 54, thence South 37.52 chains to southeast corner of said Section 54, thence west 20 chains to east line of land owned by Tim Amacker, thence North 43 ohains to place of beginning, being the same property acquired by the decedent jointly with Cain Spears and Sol Montgomery under date of April 7th, 1902, as per act of record in the Office of the Clerk and Recorder of the Parish of St. Helena, being recorded in Book 9, folio 363 of the records thereof.”
In said judgment of possession, the court, in compliance with the prayer of petitioners and to effect a partition of the Bryanr Estate, ordered the property sold by the Sheriff and the proceeds distributed among the heirs, petitioners herein. Eugene Hut *519 ton intervened seeking to enjoin the Sheriff’s sale alleging that he is owner of the property by virtue of the prior sale of the Estate of Cain Spears and wife.
The record shows that the 85 acre tract of land is situated between the 126 acre tract and property belonging to the Natal-bany Lumber Company. Upon trial, the evidence showed that an error in the eastern boundary of the 126 acre tract was made in the inventory of the Succession of Cain Spears. It appears from the evidence that the eastern boundary should have been a roadway, 'and that the 85 acre tract was between the road and the property belonging to the Natalbany Lumber Company. This error is substantiated by the testimony of the notary public who prepared the inventory in the Succession of Cain Spears and one of the appraisers.
Intervenor relies upon Article 854 of the Louisiana Civil Code which states: “If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it gives him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.”
Intervenor cites cases which have been decided in accordance with said Codal article. The rule stated however applies only to property of the vendor. It would not apply to the situation where the vendor enlarges his own boundaries so as to include property of a third party, or stranger to the act of sale, as it is well established in our jurisdiction that the sale of property belonging to another is null. The partition sale of the property listed in the inventory of the Succession of Cain and Susan Spears, and the court judgment directing said sale, could only have been -of the property included in the inventory, and could not have included property belonging to the Estate of Thomas Bryant. The fact that the Bryant heirs, petitioners herein, came into the 'distribution of the proceeds of the sale of the Spears Estate would make no difference. The Succession of Bryant was not opened until the year 1948, some six years after the partition sale of the Spears Estate. We, therefore, hold that the partition sale of the Estate of Cain Spears and wife did not include the property belonging to the Estate of Thomas Bryant.
As to the contention raised by intervenor that the partition sale of the 126 acre tract in the Spears Estate did include the interest in the 85 acre tract owned by Spears, we believe that such would be controlled by Articles 854 and 2495 of, the Civil Code. Although the property was described ■ as containing 126 acres, the eastern boundary thereof was given as the property owned by Natalbany Lumber Company. This indicates that, in said sale, they intended to sell all their interest in the property owned by the Spears Estate up to the said boundary. The sale was one per aversionem. It included the holdings of the Spears heirs, as such only, in both the 126 and 85 acre tracts.
In Consolidated Companies, Inc., v. Haas Land Co., Limited, 179 La. 19, 153 So. 6, 10, the court said: “In view of; the. codal articles and the jurisprudence to which we have referred, Mairy Jane Carter and her successors must be held to have acquired and to hold title to the lots as far as the spot called for as their western boundary, namely, the Texas & Pacific Railway, although the distance given falls short of such spot or boundary; and that such title embraces all the land-within the boundaries described, notwithstanding it gives a greater quantity of land than is called for by the measurements.”
For similar holdings see: Kirkpatrick v. McMillen, 14 La. 497; Brand v. Daunoy, 8 Mart.,N.S., La., 159, 19 Am.Dec. 176; Marigny v. Nivet, 2 La. 498.
Had the sale of the Spears Estate been by measurement, rather than by metes and bounds, then we would be controlled by Articles 2492, 2493, and 2494 of the Civil Code. However, the sale here was clearly one by metes and bounds and Articles 854 and 2495 and the jurisprudence thereunder, are controlling. The fact that the sale was by the Sheriff would make no difference, as the sale was made at the request of petitioners.
Let us assume for the sake of argument that Cain Spears or the Spears heirs would *520 have sold the 85 acre tract without mentioning anything as to what interest Cain Spears or his succession owned in same, we are of the opinion that such a sale made, could only be good for the interest owned by Cain Spears or his succession, and would, not be good for more than they actually owned in the tract. We must remember that this partition sale was a sale of the property of the succession of Cain and Susan Spears only. 'Now since the property described in the 85 acre tract was covered in the description of the 126 acre tract by metes and bounds, we are inclined to believe that the interest owned by the succession of Spears was sold at Sheriff's sale covering their interest in the 126 acre tract as well as the 85 acre tract. As pointed out hereinabove, this particular sale certainly could not effect the interest that Thomas Bryant or Sol Montgomery owned in the 85 acre tract.
Intervenor’s allegation that he has acquired the whole of the 85 acre tract by prescription of 30 years is without merit. Although there is evidence in the record that at least part of the property was farmed by intervenor and his author in title, Cain Spears, we hold that such possession was not of such nature as to support his demand. Spears held a one-third interest in the tract and was justified in working same. His possession could not have resulted in his acquiring, by prescription, the remaining two-thirds interest in the said tract.
From the above, it appears that the Estate of Thomas Bryant and wife, still owns an undivided one-third interest in the 85 acre tract as hereinabove described. It likewise appears from our discussion here-inabove that the intervenor, Eugene Hutton, owns an undivided one-third interest in said property by virtue of the purchase from the Spear Succession. Therefore, it is our conclusion that the lower court was correct in not issuing the writ of injunction as asked for by the intervenor, as the heirs of Thomas Bryant, in view of their ownership of an undivided one-third interest in said property, had a perfect legal right to have said interest sold at a partition sale.
Therefore for the above and foregoing reasons, the judgment of the lower court is affirmed at intervenor’s or appellant’s cost.
Judgment affirmed.